UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE KWIATKOWSKI,

                Plaintiff,

v.                                             1:18-CV-0519 (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>MARY ELLEN GILL, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ELLIE DOROTHY, ESQ.<br>FRANCIS TANKARD, ESQ.<br>SERGEI ADEN, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 17.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

**I.**      **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1959. (T. 104.) She completed her GED. (T. 244.) Generally, Plaintiff's alleged disability consists of back injury, arthritis in left knee and foot, and anxiety. (T. 96.) Her alleged disability onset date is March 29, 2014. (T. 104.) Her date last insured is December 31, 2018. (*Id*.) Plaintiff's past relevant work consists of small products assembler. (T. 26, 244.)

### B. Procedural History

On November 12, 2014, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 104.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On July 18, 2017, Plaintiff appeared before the ALJ, Rosanne M. Dummer. (T. 32-73.) On July 28, 2017, ALJ Dummer issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 11-31.) On March 12, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 2-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 16-28.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2018 and Plaintiff had not engaged in substantial gainful activity since March 29, 2014. (T. 16.) Second, the ALJ found Plaintiff had the severe impairments of: osteoarthritis of the left foot status post bone spurs; degenerative joint disease of the left knee; degenerative disc disease of the lumbar

spine; obesity; and hypertension. (T. 16-17.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 18.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in [20 C.F.R. § 404.1567(b)]. She could lift/carry twenty pounds occasionally and ten pounds frequently. She could sit six of eight hours and stand/walk six of eight hours. She should avoid work hazards (e.g., dangerous moving machinery, unprotected heights). She could occasionally climb, balance, stoop, kneel, crouch, and crawl. [Plaintiff] needs the option to sit/stand at the workstation every two hours.

(T. 18.)[1] Fifth, the ALJ determined Plaintiff could perform her past relevant work as a small products assembler and her current work as a school bus monitor. (T. 26-27.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes essentially three arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ failed to recontact the treating source to clarify her vague opinion. (Dkt. No. 13 at 10.) Second, Plaintiff argues the ALJ failed to explain how she arrived at her RFC. (*Id*. at 11-12.) Third, and lastly, Plaintiff argues the ALJ's physical RFC finding is not supported by substantial evidence because the ALJ did not give significant weight to any of the medical opinions. (*Id*. at 11.)

### B. Defendant's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

In response, Defendant makes one argument. Defendant argues substantial evidence supported the ALJ's RFC finding and consideration of the treating source's opinion. (Dkt. No. 16 at 14-19.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

5

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The RFC is an assessment of "the most [Plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1)[2]. The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id.* §§ 404.1527(d), 404.1545(a)(3), 404.1546(c).

Plaintiff first asserts the ALJ erred in formulating her RFC "without apparent reliance on any of the medical opinion evidence." (Dkt. No. 13 at 11.)[3] An ALJ's RFC determination may be supported by substantial evidence even where the determination does not mirror a specific medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal citations and quotations omitted). Therefore, Plaintiff's argument that the ALJ committed legal error in formulating an RFC absent a medical opinion, fails. As outlined herein, the ALJ relied on the record as a whole in formulating her RFC and her determination was supported by substantial evidence.

Plaintiff argues the ALJ erred in afforded "some weight" to the opinion of treating source, Thomas Madejski, M.D., because the opinion was "obviously quite vague" and

---

[2] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

[3] Plaintiff does not question the ALJ's mental RFC determination or analysis of the medical opinions in the record regarding mental impairments. (Dkt. No. 13.)

the ALJ was required to recontact the source for clarification. (Dkt. No. 13 at 10.) Here, the doctor's opinion was not impermissibly vague and the ALJ was not obligated to recontact the source.

First, as stated by Defendant, Dr. Madejski's opinion was not impermissibly vague because the form described Plaintiff's diagnoses and assessed her limitations on a function-by-function basis. (Dkt. No. 16 at 16.) Dr. Madejski completed a work-related functional limitations form in 2014. (T. 286-287.) When asked to indicate the maximum tolerance Plaintiff could lift, carry, push/pull, Dr. Madejski checked the box "10-20lbs." (T. 286.) Dr. Madejski indicated Plaintiff had "some limit" in her ability to: walk, climb, stand, and stoop/bend. (*Id*.)[4] He indicated Plaintiff had "no limit" in her ability to: sit, travel by bus, and drive. (*Id*.) Dr. Madejski did not indicate Plaintiff had any environmental limitation or difficulty with repetitive motion in her hands, wrists, or elbows. (T. 287.) Although the ALJ afforded Dr. Madejski's opinion "some weight," the opinion is consistent with the RFC for light work. (T. 24.)[5]

Second, the ALJ was not required to recontact Dr. Madejski. As outlined above, Dr. Madejski's was not impermissibly vague. Further, the Second Circuit has held that an ALJ is not required to develop the record any further when the evidence already presented is "adequate for [the ALJ] to make a determination as to disability." *Janes v. Berryhill*, 710 F. App'x 33 (2d Cir. 2018) (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)); *see Morris v. Berryhill*, 721 F. App'x 25, 28 (2d Cir. 2018) ("The duty to recontact

---

[4] The form contained the following options: no limit, avoid, or some limit. (T. 286.) The form further contained a space in which the doctor could write in how many hours/day and day/week Plaintiff could perform the activity. (*Id*.)

[5] Plaintiff does not assert the ALJ erred in her analysis of Dr. Madejski's opinion or the weight the ALJ ultimately afforded the opinion. (Dkt. No. 13.) Plaintiff only asserts the opinion was too vague. (*Id*.)

arises only if the ALJ lacks sufficient evidence in the record to evaluate the doctor's findings, not when the treating physician's opinion is inconsistent with her own prior opinions and the rest of the record."). Here, the record contained numerous treatment records, a medical source statement from a treating source, an examination and medical source statement from a consultative examiner, and Plaintiff's provided testimony at a hearing. Therefore, the record was sufficient for the ALJ to make a disability determination and she was not required to recontact Dr. Madejski.

Plaintiff next asserts the ALJ's decision failed to explain how she arrived at her RFC and instead her decision merely summarized the evidence in the record. (Dkt. No. 13 at 11.) Plaintiff also appears to make the related argument that the ALJ erred in failing to make a function-by-function analysis in her RFC determination. (*Id*. at 12.) The Second Circuit has held that the failure to explicitly engage in a function-by-function analysis as part of the RFC assessment does not constitute a *per se* error requiring remand. See *Chichocki v. Astrue,* 729 F.3d 172, 174 (2d Cir.2013). A review of the ALJ's decision and the record indicates the ALJ properly assessed the evidence in the record and substantial evidence supported the ALJ's decision.

Here, the ALJ properly summarized the medical, and other, evidence in the record including the opinions provided by Dr. Madejski and consultative examiner, John Schwab, D.O. As outline above, Dr. Madejski's opinion was ultimately consistent with the demands of light work. The ALJ's RFC for light work was ultimately more restrictive than Dr. Schwab's opinion. On January 27, 2015, Dr. Schwab examined Plaintiff, reviewed X-rays, and opined she had "no restrictions based on the findings of today's

examination." (T. 495-500.) Therefore, the medical opinion evidence in the record was not inconsistent with the ALJ's RFC for light work with a sit/stand option.

As stated by the ALJ, in formulating her physical RFC, she relied on the medical opinion evidence provided by Drs. Madejski and Schwab. (T. 24-25.) The ALJ's decision also clearly indicated the ALJ also considered Plaintiff's treatment record and activities of daily living in formulating her RFC. (T. 23, 25.) The ALJ outlined Plaintiff's treatment for her physical conditions, summarized her testimony, and provided an analysis linking the record to her ultimate RFC determination. (T. 25.) For example, the ALJ stated she incorporated a sit/stand opinion in the RFC to accommodate for Plaintiff's reports of foot pain. (*Id.*) Therefore, a review of the ALJ's written decision indicated the ALJ provided more than a summary of the evidence in the record.

Further, Plaintiff fails to provide any evidence in the record indicating greater limitations than those found by the ALJ. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (plaintiff retains the burden of proof through step four of the sequential evaluation); *Reynolds v. Colvin,* 570 Fed. Appx. 45, 47 (2d Cir. 2014) ("A lack of supporting evidence on a matter where the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits."). Therefore, the ALJ did not err in her RFC analysis and her determination was supported by substantial evidence in the record.

Overall, in making her RFC determination the ALJ properly relied on the record as a whole. The ALJ considered the medical opinion evidence in the record. Although the ALJ did not afford any one opinion significant weight, the ALJ's RFC was consistent

with Dr. Madejski's opinion and more restrictive than Dr. Schwab's opinion.  The ALJ further relied on the treatment records and Plaintiff's activities of daily living.  A review of the record indicates the ALJ did more than merely summarize the evidence in the record, the ALJ provided a detailed analysis which connected the evidence to her RFC determination.  Plaintiff does not argue the ALJ erred in her assessment of the opinion evidence and Plaintiff does not provide any evidence in the record indicating greater limitations than those provided for by the ALJ's RFC determination.  Therefore, the ALJ's determination is upheld.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 1, 2019

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge